Blackford, J.
— “The issue raised by the replication to the first plea was, whether or not the plaintiffs had offered to make the deed in March, 1846, which was an immaterial issue. McCullough v. Dawson, at this term. The issue was found for the plaintiffs, but still they could not have judgment on such finding, though there had been no other issue, if the plea was a good one. We are of opinion, however, that this plea is substantially bad. The plaintiffs were not bound, in order that they might sue on the note, to make an absolute tender of the deed. It was only incumbent on them to offer the deed on the 15th of August, 1841, on condition of the defendants, at the same time, paying them the note. If, on such offer being made, payment was refused, the suit will lie. As the plea does not traverse the making of such conditional offer on the appointed day, it does not show a non-performance of the contract on the plaintiff’s part. Had the plea alleged, that the deed had not been offered on the day according to the tenor and effect of the contract, that would have been sufficient on general demurrer. McCullough v. Dawson, supra. But there is no such allegation. The plaintiffs, upon the finding in their favor of the immaterial issue arising out of this insufficient plea, would have been entitled to judgment, had there been no other issue. 2 Tidd’s Pr. 822; Gould, 513; 14 Viner’s Abr. Tit. Judgment, D.
“ The statement in the second plea, that the note sued on, with others, and a payment in money, was given in consideration that the plaintiff’s would, on the 15th of August, 1841, convey certain land in fee to the defendant, but that the plaintiffs were not when the note sued was given, nor had they been from thence hitherto, the owners in fee of the land, was a bar to the suit. This plea, we think, may be considered as meaning that the plaintiffs were not the owners in fee of the land, at any time between the day of making the note sued on and that of filing the plea. It, therefore, virtually denies the plaintiff’s ownership on the 15th of August, 1841. The rest of the denial is mere surplusage. The plaintiffs might have replied that they were the owners in fee on the 15th of August, 1841. and concluded to the country. If the plaintiffs were not the owners *241 in Tee of the land, on the last mentioned day, which was the day when the deed was to be made, they could not perform their part of the contract, and could not, consequently, after that day, sue on the note. The other statement in the plea, relalivc to the false and fraudulent representations, is not material. It might be struck out, without affecting the validity of the plea. The replication to this plea takes no notice of the denial in the plea as to the plaintiffs’ ; ownership of the land, but it traverses tbe immaterial statement about fraud. The issue, therefore, joined on that replication is immaterial.
“This second immaterial issue was found for the plaintiffs, but the final judgment in their favor was not authorised by such finding. The reason is, that the second plea, which the defendant had a right to plead, contains a good defence, and lie had a right to have the material part of it disposed of by a proper issue. Gwynn v. Burnell, 6 Bingh. N. C. 453, per Parke, B. The fact found on that issue, namely, that the contract was free from the alleged fraud, did not show that the action was sustained. If the unanswered part of the plea, denying the plaintiffs’ title be true, and it is admitted to be true by tbe replication, so far as we are now concerned with it, they cannot recover.
“ We are, therefore, of opinion, that though both the issues were found for the plaintiffs, the final judgment in their favor is erroneous and must be reversed.
“ The last question is, what instruction must be given to the Circuit Court?
“ The defendant cannot have judgment, notwithstanding the finding of the second issue against him. Supposing there may be cases, where a defendant may claim a judgment non obstante ve ral icio, (respecting which we give no opinion.) this, at all events, is not such a case. The defence in the second plea, as to the plain tills not owning the land, is not expressly confessed by the replication. That part of the plea not being answered by the replication, is, to be sure, impliedly admitted, but such admission does not authorise a judgment non obstante veredicto. Gwynn v. Burnell, supra. Nor is. it a case for an arrest of judgment. Atkinson v. Davies, 11 Mees. & Welsh. 236; Gordon v. Ellis, Mann. & Grang. 607. We think that the only proper course for the Circuit Court will be,.to award to the plaintiffs a repleader as regards the second issue. It is true, that the plain *242 tiffs, by their replication to the second plea, committed the first fault in the pleading leading to that issue; and it is a general rule not to grant a repleader to the party who commits the first fault in such pleading. But we find upon examination of the authorities, that that role only applies when the immaterial issue is found against the party who was first in fault. When the issue is found in favor of such party, he may have a repleader. Gordon v. Ellis, supra"
The judgment was reversed, and the replication to the second plea set aside. The finding on the first issue to remain; and the cause was remanded with leave to the plaintiffs to reply anew to the second plea.